CLD-005                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1802
_____

UNITED STATES OF AMERICA

v.

RAHEEM MARROW,

                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-17-cr-00217-001)
District Judge:  Honorable Robert D. Mariani

_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 7, 2021

Before:  AMBRO, SHWARTZ, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: October 15, 2021)

—————

OPINION[*]

—————

PER CURIAM

Raheem Marrow appeals from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary action. For the reasons that follow, we will affirm the District Court's order.

In June 2020, Raheem Marrow was sentenced to 75 months in prison after pleading guilty to possession with intent to distribute heroin within 1,000 feet of a playground. In December 2020, Marrow filed a motion to be released to home confinement. He asserted that there were documented cases of COVID-19 in the jail where he was housed and requested that he be released to complete his sentence in home confinement. Construing the motion as requesting compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the District Court denied the motion without prejudice because Marrow had not exhausted his administrative remedies.

In March 2021, Marrow filed a motion for compassionate release after exhausting his administrative remedies. He alleged that there had been severe COVID-19 outbreaks at his prison and that he was vulnerable to serious health issues if infected due to his Body Mass Index of 36 and history of hepatitis, hypertension, and metabolic syndrome. He admitted that he had received two doses of the Moderna vaccine but expressed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

concerns over its efficacy. The District Court denied the motion, concluding that Marrow's vaccination mitigated his risk of severe infection from COVID. Noting that Marrow pleaded guilty to trafficking heroin, which was his tenth adult conviction and second federal drug-trafficking felony, the District Court also determined that consideration of the factors set forth in 18 U.S.C. § 3553(a) did not support the reduction of Marrow's sentence. Marrow filed a timely notice of appeal, and the Government has filed a motion for summary affirmance.

We have jurisdiction under 28 U.S.C. § 1291. Pursuant to 18 U.S.C. § 3582(c)(1)(A), a District Court may reduce a sentence if extraordinary and compelling reasons warrant such a reduction. Before granting compassionate release, however, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment after weighing the relevant factors. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Here, we need not address whether Marrow has shown that extraordinary and compelling reasons support a sentence reduction, because the District Court also based its denial of the motion on its consideration of the § 3553(a) factors. The District Court determined that Marrow's sentence should not be reduced due to the "nature and

3

circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, adequate punishment and deterrence, and protection of the public." Dist. Ct. Order at 4. The District Court did not abuse its discretion in denying a sentence reduction based on its weighing of the § 3353 factors. Marrow's offense of trafficking heroin near a playground was serious, and the District Court could consider the nature of that offense and the need to protect the public. See 18 U.S.C. § 3553(a)(1) & (2)(A) & (C) (including the nature and circumstances of the offense and protection of the public as sentencing factors as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). As the District Court clearly did not abuse its discretion in denying Marrow's motion for a sentence reduction, the appeal does not present a substantial question. Accordingly, we grant the Government's motion for summary action and will summarily affirm the District Court's judgment.